

NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature: Harlin DeWayne Hale]*

**Signed September 11, 2006**                                **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH AND JOYCE FRIEDHEIM | ) | CASE NO. 05-35210-HDH-7 |
| | ) | |
| DEBTOR | ) | ADVERSARY NO. 05-3668 |
| | ) | |
| THE CADLE COMPANY | ) | |
| | ) | |
| PLAINTIFF | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH AND JOYCE FRIEDHEIM | ) | TRIAL DATE:  8/9/06 |
| | ) | |
| DEFENDANTS | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS CAUSE having come before the Court on August 9, 2006, on Plaintiff's Complaint Objecting to Discharge, and the Court, having considered the pleadings on file, the evidence presented, and the argument of counsel, makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052:

## FINDINGS OF FACT

1. This is an action brought under 11 U.S.C. §§727(a)(2) and (4).

2. Defendants, Joseph and Joyce Friedheim filed a Chapter 7 bankruptcy on May 6, 2005.

3. This adversary proceeding was filed on September 30, 2005.

4. Joseph Friedheim is 74 years old and Joyce Friedheim is 68 years old.

5. At the time of filing bankruptcy, Defendants, Joseph Friedheim and Joyce Friedheim, were both employees of Park Cities Realty, Inc., a corporation owned by their daughters, Andrea Hundley and Annette Friedheim.

6. Andrea Hundley is a certified public accountant and has a Masters Degree in Business Administration from Southern Methodist University.

7. Defendant, Joseph Friedheim, was hired as an employee by Park Cities Realty, Inc. in September, 2000. He continues to be employed by Park Cities Realty, Inc. to this day.

8. Park Cities Realty, Inc. hired an additional employee to perform the clerical work for the business, and also hired several employees to handle the day-to-day operations of the apartment complex which it managed.

9. From the onset, Andrea Hundley performed the accounting work and other work for the business and continues to do so to this day. She makes all major business decisions. Andrea Hundley is an integral part of the business and has been from the time it was created.

10. Co-defendant, Joyce Friedheim, continued with her employment with Polo Ralph Lauren Company until 2003, when she left that employment. When the clerical help left Park Cities Realty, Inc. in 2003, Ms. Friedheim joined the company to perform the clerical

work on a temporary basis. She worked for the company for less than two years and terminated her employment in 2005.

11. The Cadle Company claims that Joseph Friedheim owns Park Cities Realty. The evidence is to the contrary. The Rule was invoked. Andrea Hundley testified credibly as to the reason she set up the company, how it operates, and her future plans. There is nothing wrong or illegal for a child to set up a company and employ her parents, particularly parents of the age of the debtors. Joseph Friedheim explained credibly the amounts paid to him as salary, the expense reimbursements, and the utility payments.

12. The Cadle Company offered no real evidence that Joyce Friedheim's discharge should be barred. In addition, Joyce Friedheim testified credibly about her role with the company, and her husband's role.

13. There has been no concealment about Park Cities Realty, Inc. and the Debtors. The company operated in a garage apartment at the home of the Debtors for many years. Joseph Friedheim was a visible Vice President of the Company. He signed the checks for the company.

14. The Cadle Company did not show that any of the actions of the Debtors regarding Park Cities Realty, Inc. were knowing and fraudulent as required under Section 727(a)(4). The Debtors made disclosure of their relationship with Park Cities Realty, Inc. in their schedules and statement of financial affairs.

15. On this record, The Cadle Company has not shown that Park Cities Realty, Inc. has any real value.

16. The Court observed Andrea Hundley testify and is persuaded by her testimony. She testified credibly as to the Debtors.

17. To the extent that any finding of fact constitutes a conclusion of law, it shall be construed as a conclusion of law.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A) and (J).

2. Section 727(a) must be construed liberally in favor of the debtor and strictly against the creditor objecting to the granting of the debtor's discharge. *F.D.I.C. v. Sullivan (In re Sullivan)*, 204 B.R. 919, 938 (Bankr. N.D. Tex. 1997). The burden of proof falls on the creditor to prove that the case falls within one of the 727(a) exceptions by a preponderance of the evidence. *See Grogan v. Garner*, 489 U.S. 279, 286, 111 S.Ct. 654, 660 (1991); *see also Beaubouef v. Beaubouef (In re Beaubouef),* 966 F.2d 174 (5th Cir. 1992).

3. Under § 727(a)(2)(A), Cadle must prove the following four elements: "(1) a transfer [or concealment] of property; (2) belonging to the Debtors; (3) within one year of the filing of the petition; [and] (4) with intent to hinder, delay, or defraud a creditor or officer of the estate." *Cadle Company v. Pratt (In re Pratt)*, 411 F.3d 561, 565 (5th Cir. 2005) (citing *Chastant*, 873 F.2d at 90). Actual intent to defraud under § 727(a)(2)(A) may be inferred by the Debtors' actions and may be proved by circumstantial evidence. *Chastant,* 873 F.2d at 90. Both the act and the intent must exist or have occurred one year prior to the date of filing for bankruptcy. Anything occurring before this one year period is forgiven. *Rosen v. Benzer*, 996 F.2d 1527, 1531 (3rd Cir. 1993).

4. Based on the credible testimony of the Defendants, the Court finds that the Defendants did not, with the intent to hinder, delay or defraud their creditors, transfer, remove,

destroy, mutilate or conceal, or permit to be transferred, removed, destroyed, mutilated or concealed, property of the Defendants, within one year before the date of the filing of the petition herein or property of the estate after the date of the filing of the petition in violation of 11 USC § 727(a)(2) as alleged by Plaintiff in its Complaint.

5. Cadle also claims a denial of the Debtors' discharge is justified under § 727(a)(4)(A), because the Debtors offered false oaths in their Schedules and Statement of Financial Affairs. "Any debtor who files a Chapter 7 petition has a continuous, affirmative duty to disclose the following in a complete and accurate manner: (a) a list of creditors; (b) schedules of assets, liabilities, current income, and current expenditures; and (c) a statement of financial affairs." *Gartner*, 326 B.R. at 367 (citing *In re Coastal Plains, Inc.,* 179 F.3d 197, 208 (5th Cir. 1999)).

6. To successfully object to the discharge of the Defendants' debts under section 727(a)(4)(A), Cadle must show that: (1) the Defendants made a statement under oath; (2) the statement was false; (3) the Defendants knew the statement was false; (4) the Defendants made the statement with fraudulent intent to deceive; and (5) the statement related materially to the bankruptcy case. *Pratt*, 411 F.3d at 566; *Beaubouef,* 966 F.2d at 178; *Gartner*, 326 B.R. at 367. False oaths may be in the form of either false statements or omissions on the schedules and statements of financial affairs or false statements by the debtor during the course of the bankruptcy proceedings. *Id*.

7. Based on the credible testimony of the Defendants, the Court finds that the Defendants did not knowingly and fraudulently, in or in connection with this Bankruptcy, make a false oath in violation of 11 USC § 727(a)(4) as alleged by Plaintiff in its Complaint.

8. Based on the foregoing, the Plaintiff's Complaint Objecting to Discharge will be DENIED and the Defendants shall be discharged from all dischargeable debts.

5.  To the extent any conclusion of law constitutes a finding of fact, it shall be construed as a finding of fact.

For these reasons, judgment will be entered for the Defendants.

### End Of Findings and Conclusions ###